IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARPEH COOPER, KELLY COOPER, AFUA HAMMOND, ANDERSON KNOBLE, TRUDI ANN BROWN-COOPER, SABRI COOPER, and MAMADOU SACKO, | : : : : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | No. 09-5071 |
| KAREN FITZGERALD, et al., | : : : | |
| Defendants. | : : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            MARCH 29, 2010

      Presently before the Court is the Motion to Sever filed by Defendants Karen Fitzgerald (District Director, United States Citizenship and Immigration Services ("USCIS"), Philadelphia District), Paul Novack (Director, USCIS, Vermont Service Center), Alejandro Mayorkas (Director, USCIS), Janet Napolitano (Secretary of Homeland Security), Robert S. Mueller, III (Director of the Federal Bureau of Investigation ("FBI")), and Eric H. Holder Jr. (Attorney General of the United States) (collectively "Defendants"). For the following reasons, Defendants' Motion is granted.

**I.   BACKGROUND**

      The seven Plaintiffs in this lawsuit – Karpeh Cooper, Kelley Cooper, Afua Hammond, Anderson Knoble, Trudi Ann Brown-Cooper, Sabri Cooper, and Mamadou Sacko (collectively "Plaintiffs") – filed a single Complaint to compel action on their individual applications for

immigration benefits pending before the USCIS. In their First Amended Complaint, Plaintiffs seek among other things, declaratory relief, injunctive relief, and a Writ in the Nature of Mandamus to compel action on the outstanding applications.

In the instant Motion, Defendants allege that because of the dissimilarity of Plaintiffs' claims, they do not satisfy the Federal Rule of Civil Procedure 20(a) test for permissive joinder. Specifically, Defendants contend that permissive joinder is inappropriate under Rule 20(a) because Plaintiffs' claims do not arise out of the same transaction or occurrence and lack a common question of law or fact. Pursuant to Federal Rule of Civil Procedure 21, the Defendants request that the Court sever the claims of Plaintiff Karpeh Cooper and dismiss without prejudice the remaining Plaintiffs' claims as a result of improper joinder.

The general background of the Plaintiffs, the types of immigration applications they have outstanding, and the status of those applications are described in the First Amended Complaint and Declaration ("Bausman Declaration") of Kathleen Bausman ("Bausman") that is attached to Defendants' Motion. Bausman is the acting Field Office Director of the USCIS Philadelphia, Pennsylvania Field Office. As the Field Office Director, Bausman is "responsible for monitoring and ensuring the timely adjudication of all immigration applications being adjudicated in [the] field office." (Defs.' Mot. to Sever, Bausman Declar., Ex. A ¶ 1.) Bausman reviewed the agency's administrative files for each Plaintiff in preparing the Declaration. (Id. ¶ 2.)

The Court will not rehash all of the factual details of each Plaintiff's application for immigration benefits, or the status of those applications. For purposes of the instant Motion, however, it is important to note that there are different immigration applications at issue (I-130

2

Petitions for Alien Relative and I-485 Applications to Adjust Status[1]) and that each application is at a different stage in the adjudication process.[2]

## II. STANDARD OF REVIEW AND GENERAL APPLICABLE LAW

"A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21." Boyer v. Johnson Matthey, Inc., No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004) (citing Fanning v. Black & Decker, Inc., No. 98-6141, 1999 WL 163628, at *1 (E.D. Pa. Mar. 18, 1999)). Rule 21 states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may also sever any claim against a party. Fed. R. Civ. P. 21(a). Notably, "Rule 21 is 'most commonly invoked to sever parties improperly joined under Rule 20.'" Boyer, 2004 WL 835082, at *1 (citation omitted).

As a threshold matter, joinder is strongly encouraged. Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009). However, joinder is only appropriate if both elements of Rule 20(a) are met. Lopez v. City of Irvington, No. 05-5323, 2008 WL 565776, at *2 (D.N.J. Feb. 28, 2008). Specifically, Rule 20(a) permits the joinder of plaintiffs in a single action if: "(1) the plaintiffs have a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there exists some question of law or fact common to the plaintiffs." Cumba v. Merck & Co., Inc., No. 08-2328, 2009 WL 1351462, at *1 (D.N.J. May 12, 2009); see also

---

[1] Some of the Plaintiffs are United States citizens who have filed I-130 applications to have their spouses declared as immediate relatives, while others are aliens who have filed I-485 applications to adjust status.

[2] For example, initial decisions were made on several of the Plaintiffs' applications and some of the final adjudication delays have been associated with different types of delays in the appellate process." (Defs.' Mot. to Sever, Bausman Declar., Ex. A ¶ 2(a), (b).)

Fed. R. Civ. P. 20(a). Importantly, "Rule 20(a)'s purpose is to 'promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits.'" Al Daraji v. Monica, No. 07-1749, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 21, 2007) (citation omitted). The rule is designed "'to promote judicial economy . . . [and] reduce inconvenience, delay, and added expense.'" Id. (citation omitted).

### III. DISCUSSION

As discussed below, the Court finds that the Plaintiffs are improperly joined because they do not meet the elements of permissive joinder outlined in Rule 20(a). In addition, judicial economy would not be served by the joinder of these Plaintiffs. Further, Plaintiffs will not be prejudiced by severance. Thus, the Court finds that severance of the Plaintiffs is appropriate pursuant to Rule 21.

#### A. "Same Transaction" Element

The first element of Rule 20(a), the "same transaction" or transactional relatedness prong, refers to the similarity in the factual background of the relevant claims. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "'Courts generally apply a case-by-case approach' when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences." Lopez, 2008 WL 565776, at *2. Significantly, "'[t]ransaction' is a word of flexible meaning, which 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection, as upon their logical relationship.'" Al Daraji, 2007 WL 2994608, at *8 (citation omitted).

In their First Amended Complaint, Plaintiffs support their joinder under Rule 20(a) by alleging that they are:

> Persons who have submitted applications for adjustment of status or petitions for alien relative to CIS, and who have met all statutory requirements for adjustment of status or petitions for alien relative, and whose applications for adjustment of status or petitions for alien relative ***are not adjudicated within a reasonable period of time of their initial examination based on the lack of CIS and the FBI to clear background checks and other unknown checks***.

(Amend. Compl. ¶ 61 (emphasis added).) Clearly, when the First Amended Complaint was filed, Plaintiffs believed joinder was appropriate based on speculation that the adjudication of their applications was delayed because of pending FBI checks or other background checks. (Amend. Compl. ¶ 63 (referencing "delays in 'name checks' and other background checks").) These alleged checks were the related "transactions and occurrences" that they based joinder upon when the First Amended Complaint was filed.

However, as evidenced in the Bausman Declaration, "background checks, including the FBI name check, have not delayed the adjudication of [the Plaintiffs'] applications for immigration benefits." (Defs.' Mot. to Sever, Bausman Declar., Ex. A ¶ 3.) In regard to the I-130 petitions, USCIS does not perform background checks on these applications. (Id. ¶ 2(a).) Moreover, in reference to the Plaintiffs who filed suit with respect to their I-485 applications, Bausman confirmed that USCIS completed all relevant background checks before the Plaintiffs filed their initial Complaint on November 4, 2009. (Id. ¶¶ 2(b), (c).) Thus, contrary to the allegations in the First Amended Complaint, Plaintiffs cannot justify joinder based on a common delay caused by name checks, FBI checks, or other background checks. Further, Plaintiffs' references in the First Amended Complaint to other "unknown checks" do not entitle them to joinder under Rule 20(a).

In response to Defendants' Motion to Sever and the Bausman Declaration, Plaintiffs

5

change their argument in support of joinder. Specifically, in their brief, Plaintiffs argue that "[t]he basic common denominator is that all plaintiffs' cases involve an I-130, Petition for Alien Relative, filing with USCIS which USCIS refuses to adjudicate." (Pls.' Resp. to Mot. to Sever at 3.) This argument also does not satisfy the "same transaction" prong of Rule 20(a).

As an initial matter, there are two delayed immigration applications (i.e. I-130s and I-485s) at issue among the various Plaintiffs. This is made clear in both the First Amended Complaint and the Bausman Declaration. (Amend. Compl. ¶ 2 ("Plaintiffs are all applicants for lawful permanent residence and/or U.S. Citizens filing for their spouse. Each of them has sought to seek an immigration benefit by becoming a lawful permanent resident by applying for adjustment of status or an immigrant visa.").) The fact that there are two separate immigration applications at issue in the case cuts against joinder under the "same transaction" prong of Rule 20(a).

Further, Plaintiffs' argument that they are entitled to joinder because they all filed I-130 and/or I-485 applications is without merit. Plaintiffs claim that these applications are companion filings, and that a common thread exists because each of the Plaintiffs' immigration files involves an I-130 petition. Even pursuant to Plaintiffs' line of reasoning, the Court cannot allow joinder merely because the various Plaintiffs are awaiting adjudication of similar immigration benefits. This is not the sufficient similarity needed to satisfy Rule 20(a). Plaintiffs' applications are at different stages in the agency decision process and have different reasons associated with delays in their final adjudication. Thus, permissive joinder is not appropriate. See Cumba, 2009 WL 1351462, at *1 ("Here, Plaintiffs have failed to demonstrate sufficient similarities among the personal injury plaintiffs to satisfy Rule 20(a)'s 'same transaction' requirement. It appears, for

example, that the only unifying factors among the personal injury plaintiffs lie in the allegations that each took the drug Vytorin and that each sustained broadly similar injuries as a result thereof. As Defendants correctly point out, however, the personal injury plaintiffs are nonetheless 'different people with different medical histories who separately took a drug prescribed by different physicians under different circumstances, probably for different periods of time and at different points of time.'")

This case is similar to the Coughlin case in the Ninth Circuit. In Coughlin, multiple plaintiff-applicants for USCIS immigration filed suit alleging delays in adjudicating their immigration applications. Subsequently, the government filed a motion to sever the forty-nine joined plaintiffs. The district court granted the motion to sever and the Ninth Circuit affirmed. The Ninth Circuit stated:

> In this case, the basic connection among all the claims is the alleged procedural problem of delay. However, the ***mere allegation of general delay is not enough to create a common transaction or occurrence***. Each Plaintiff has waited a different length of time, suffering a different duration of alleged delay. Furthermore, the delay is disputed in some instances and varies from case to case. And, most importantly, there may be numerous reasons for the alleged delay. ***Therefore, the existence of a common allegation of delay, in and of itself, does not suffice to create a common transaction or occurrence***.

Coughlin, 130 F.3d at 1350 (9th Cir. 1997) (emphasis added); see also Abdelkarim v. Gonzales, No. 06-14436, 2007 WL 1284924, at *4 (E.D. Mich. Apr. 30, 2007) (finding that plaintiff failed to satisfy "same transaction" prong of Rule 20(a) because "[a]lthough each of the approximately 59 Plaintiffs here alleges a delay in processing their individual applications for naturalization, the reasons for the delays vary and are dependent upon each Plaintiff's particular circumstances.") Significantly, similar to this case, the plaintiffs in Coughlin sought different types of immigration

benefits and the adjudication of their applications was at different stages.  Moreover, just like in

Coughlin, Plaintiffs' critical and common factual allegation is that final adjudication of their

applications has been delayed – even if for wide-ranging reasons.  As the Ninth Circuit stated, a

"common allegation of delay" does not meet the "same transaction" element of the Rule 20(a)

test.  Coughlin, 130 F.3d at 1350.

The facts of this case are significantly different from the Al Daraji case from this District.

In Al Daraji, a case after Coughlin, the court permitted joinder where plaintiffs uniformly

challenged "the allegedly delayed actions of USCIS in adjudicating their [immigration]

applications due to the newly-required FBI name checks."  Al Daraji, 2007 WL 2994608, at *8.

Consistent with dicta from Coughlin, the court found that the plaintiffs' claims "arose from the

same transaction or occurrence" because plaintiffs alleged a "pattern or policy" of delay on

USCIS's part because of the FBI name check policy.  Id. at 9.  In the instant case, no similar

"pattern or policy" is relevant to Plaintiffs' applications.  As previously discussed, Bausman's

Declaration makes clear that no FBI name checks or other background checks have delayed the

final adjudication of Plaintiffs' petitions for immigration benefits.  (Defs.' Mot. to Sever,

Bausman Declar., Ex. A ¶ 3.)  Further, as will be discussed below, the Bausman Declaration

provides other specific reasons why each of the Plaintiffs' applications has been delayed based

on the unique factual circumstances surrounding each application.

    **B.**    **Commonality Element**

The Plaintiffs are improperly joined because they fail to meet the "same transaction"

prong of the Rule 20(a) test.  Nevertheless, the Court will address the second prong of the test,

which requires courts to analyze whether "any question of law or fact common to all plaintiffs

will arise in the action." Fed. R. Civ. P. 20(a). Notably, the "threshold for the commonality requirement is 'very low.'" Al Daraji, 2007 WL 2994608, at *9. Thus, the propriety of joinder under the commonality prong is a much closer call. However, the Court ultimately concludes that Plaintiffs have failed to satisfy this element as well.

The court in Al Daraji discussed the commonality prong in detail and specifically referenced the aforementioned Abdelkarim case where that court did not find that commonality existed under Rule 20(a). Specifically, the court in Al Daraji stated:

> In [Abdelkarim], *the parties provided the court with much more information regarding the reasons for the delays in USCIS adjudication, leading that court to determine that the facts of the plaintiffs' cases were disparate enough to destroy commonality. . . . A similar quantity of evidence pertaining to the particularized circumstances regarding USCIS's delays has not been provided to this Court at this stage in the litigation. Thus far, the government has not alleged any distinguishing reasons why the individual plaintiffs' applications have been delayed*. Further, in Abdelkarim, the FBI had completed some of the plaintiffs' name checks, whereas others were incomplete. In the instant case, all plaintiffs await the resolution of their name checks. Thus, the Court concludes that, at the present time, insufficient evidence of individual causes for delay has been presented to justify severance. Should such evidence be presented at a later date, the Court retains the option to sever under Federal Rule of Civil Procedure 21.

Id. at *10 (citations omitted).

In this case, through the Bausman Declaration, Defendants have provided the Plaintiffs and the Court with the background, and specific reasons, for any delay between each Plaintiff's initial immigration filing and final adjudication of that filing. Notably, none of Plaintiffs' applications have been delayed because of FBI name checks or other background checks. Thus, no factual commonality exists on these grounds. Unlike in Al Daraji, sufficient individualized causes for delay of final adjudication have been presented to justify severance under the commonality prong.

9

In addition, the Plaintiffs have not shown any questions of law common to all of them. In the First Amended Complaint and briefing, they contend that there are common grounds for relief in this case including the United States Constitution, Administrative Procedures Act, Mandamus Act, and Declaratory Judgment Act. However, as stated in Coughlin, "the mere fact that all Plaintiffs' claims arise under the same general law does necessarily establish a common question of law . . . ." Coughlin, 130 F.3d at 1351. As a result, Plaintiffs have not satisfied the Rule 20(a) commonality hurdle.

C.   **Judicial Economy and Prejudice**

As previously mentioned, Rule 20 is designed "'to promote judicial economy . . . [and] reduce inconvenience, delay, and added expense.'" Al Daraji, 2007 WL 2994608, at *10. Joinder in this case would not promote judicial economy or convenience. As in Coughlin, "trial efficiency will not be promoted by allowing all Plaintiffs to bring a single case. Each claim raises potentially different issues, and must be viewed in a separate and individual light by the Court." Coughlin, 130 F.3d at 1351. Specifically, if the Court permitted joinder of the seven Plaintiffs, each case would still need to be examined in light of their individualized circumstances and the unique reasons surrounding any final adjudication delay.

Finally, Plaintiffs will not be prejudiced by severance. Defendants have only requested that the Court dismiss, without prejudice, all of the Plaintiffs except the first-named Plaintiff – Karpeh Cooper. Significantly, any dismissed Plaintiffs would still have the ability to re-file complaints against Defendants for their individual claims.

For the reasons set forth above, the Court finds that severance of the parties pursuant to

Rule 21 is appropriate in this matter. Accordingly, Defendants' Motion to Sever will be granted.

An appropriate Order follows.