IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDERSON KNOBLE, AFUA HAMMOND | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| KAREN FITZGERALD, et al. | : | NO. 09-5071 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                         APRIL 25, 2011

    In this case Plaintiffs allege that the Philadelphia Field Office of the United States Citizenship and Immigration Service (USCIS) unlawfully adopted a policy prohibiting persons from hand delivering documents to its office. Under Philadelphia Field Office policy, aliens and their representatives may either mail documents to USCIS or submit them in person during an appointment made using an online appointment registration system called InfoPass. Plaintiffs contend that this policy violates their rights and asks the Court for relief from those policies.

    Presently before the Court is the Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment.

FACTUAL BACKGROUND

    This case began as a mandamus action in which Plaintiffs, a United States citizen spouse and his alien wife, asked the Court to direct USCIS to adjudicate their I-130 petition and their I-485 application. USCIS adjudicated Plaintiffs I-130 petition and I-485 application and this Court at that time dismissed Plaintiffs mandamus claims on January 4, 2011. (Doc. No. 48).

    The USCIS Philadelphia Field Office instituted the new InfoPass policy on November 2, 2009. InfoPass is an online appointment scheduling system. A person may register for an InfoPass appointment in one of two ways. He may make an InfoPass appointment on an off

site computer with an internet connection, or he may make an InfoPass appointment at the Philadelphia Field Office at an InfoPass kiosk. Under the new policy, a person must obtain and use an InfoPass appointment in order to hand deliver a filing. (Ex. A, Bausman Decl. at ¶ 2.) A person can make an InfoPass appointment for the same day, and USCIS insures that there are enough appointments available to meet the demands of persons who require them. (Id. at ¶ 4.) If a person has an urgent filing, USCIS may accept the document without a prior appointment once the individual uses the kiosk in the Philadelphia Field Office to make an appointment and a supervisor will direct the individual to do so. (Id. at ¶ 6.) A person may always mail documents to USCIS. (Id. at ¶ 7.)

The InfoPass policy is a local policy that reflects a national trend to use the InfoPass scheduling system to manage USCIS resources more efficiently. (Ex. A, Bausman Decl. at ¶ 3.) USCIS officials instituted the policy to address long wait times of individuals coming to their offices for immigration related matters, and also to work within the personnel limitations faced by USCIS (Id). USCIS officials have found that the new policy effectively achieves both goals. (Id. at ¶ 8.)

## STANDARD FOR MOTION TO DISMISS

A Defendant may move at any time to dismiss a Complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Court must dismiss an action whenever it appears the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Plaintiff bears the burden to establish the subject-matter jurisdiction. Lightfoot v. U.S., 564 Fed. 3d 625, 627 (3rd Cir. 2009). Challenges to subject-matter jurisdiction are either facial or factual. Common Cause v. Pennsylvania, 558 Fed. 3d 249, 257 (3rd Cir. 2009). Here, Defendants argue that, on the

face of the Complaint, Plaintiffs lack standing and therefore, this Court lacks jurisdiction. "Facial attacks, like this one, contest the sufficiency of the pleadings, and the trial court must accept the Complaint allegations as true."

## DISCUSSION

Defendants contend that Plaintiffs' Amended Complaint fails to show an injury-in-fact and therefore they lack standing. Standing is grounded in Article III's case-or-controversy requirement, and a Court lacks jurisdiction or a Plaintiff lacks standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1990). "To establish standing, a Plaintiff must present an injury that is concrete, particularized and actual or imminent; fairly traceable to the Defendants challenged action; and redressable by a favorable ruling." Horne v. Flores, 129 S.Ct. 2579, 2592 (2009). If a Plaintiff cannot meet all three prongs, then the Court must dismiss the action for lack of standing. Arden Wood, Inc. v. U.S. Citizenship and Immigration Svcs., 480 F.Supp. 2d 141, 147 (D.D.C. 2007).

> Plaintiffs' Complaint alleges:
>
> To make things more difficult for plaintiffs, Defendants have implemented new rules starting on November 2, 2009, which ban plaintiffs from filing in-person letters at the USCIS Philadelphia Office without prior consent from USCIS. Such action by USCIS will only cause individual extra time and costs in forcing such individuals to mail in letters or having to expend great efforts in scheduling appointments to inquire about their cases. Furthermore, these efforts will not allow the plainitffs to obtain proof of filing.

(Am. Compl. at ¶ 60.)

Plaintiffs do not allege that they attempted to submit a document to the USCIS Philadelphia Field Office but were unable to do so because of the InfoPass policy. They simply make the general allegation that the InfoPass policy causes "extra time and costs," without

detailing what time and costs it causes.

The third element of standing is redressability, meaning that the Court has authority to do that which the Plaintiff seeks. But "plaintiffs cannot seek wholesale improvement of [a] program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made." ,Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 891 (1990). Such programmatic attacks are not justiciable cases or controversies and dismissal is appropriate. Sierra Club v. Peterson, 228 F.3d 559, 566 (5th Cir. 2000); *see also* Karimushan v. Chertoff; 2008 U.S. Dist. LEXIS 47167, at *7 (E.D. PA., June 11, 2008) (deferring to USCIS "to establish[] a timetable" for adjudicating applications).

Based upon the foregoing we find that Plaintiffs have not alleged an injury-in-fact and therefore lack standing and therefore this Court does not have subject-matter jurisdiction. We therefore enter the following Order.